# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TREON D. VAUGHN,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>JON LITSCHER, EDWARD WALL, HEISE, CATHY JESS, J. PAQUIN, WARDEN BOUGHTON, WARDEN KEMPER, A. ALT, J. GUNDERSON, S. KOENER, PAIGE O'CONNOR, STEPHANIE PIPIA, J. LINDOW, CAPTAIN T. WIEGAND, K. MARKS, J. ALDANA, KUSTMAN, MORRISON, MINK, and GARDNER,<br><br>　　　　　　　　Defendants. | Case No. 16-CV-1486-JPS |
| TREON D. VAUGHN,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>DEPUTY SHERIFF MCCOY, JON MASON, JAMES FITZGERALD, GEOFFREY DROWSE, MARY K. WAGNER, KENOSHA COUNTY CLERK OF COURT, OFFICE SORENSON, CLERK HANEY, DETECTIVE DEWITT, ROBERT D. ZAPF, DANIEL TUMBASCO, EMILY TERGY, ANDREW BURGOYNE, DAVID BERMAN, CHAD KERKMAN, DAVID BASTIANELLI, and MS. WAGNER'S CLERK,<br><br>　　　　　　　　Defendants. | Case No. 16-CV-1499-JPS |

| TREON D. VAUGHN, | |
|---|---|
| Plaintiff, | Case No. 16-CV-1557-JPS |
| v. | |
| WISCONSIN SUPREME COURT, WISCONSIN COURT OF APPEALS, STUART GRAHAM, DIANE M. FREMGEN, and J. DENIS MORAN, | ORDER |
| Defendants. | |

Before the Court are three separate actions filed by the same plaintiff, Treon D. Vaughn, a prisoner at the Wisconsin Secure Program Facility. In each of his three lawsuits, Plaintiff proceeds *pro se* and has filed a motion for leave to proceed without prepayment of the filing fee. In these types of cases, the prisoner must initially provide the Court with a certified copy of his prison trust account statement for the last six months, which the Court uses to calculate the appropriate amount of the prisoner's required initial partial filing fee. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has not filed his trust account statement in any of his three cases. Instead, he has filed letters in each case complaining that the prison will not issue him certified copies of his trust account statement. He seeks an order directing the institution to do so.

Plaintiff does not state why his requests for his trust account statement have been denied. The Court has been informed that the prison charges its inmates for the expenses incurred in preparing these statements. Plaintiff attempted to get a "legal loan" from the prison in order to pay those costs, but that request was denied. Prison officials declined to extend him such a loan because, pursuant to prison policy, they reviewed Plaintiff's

expenditures and found that he had overspent trust account funds at the canteen which could have been used to pay for his trust account statement. Finding that he squandered his money on other purchases, prison officials denied his request for a legal loan to facilitate preparation of the trust account statement.

The Court will not intervene in Plaintiff's attempts to secure copies of his trust account statement. Section 1915 places the burden on the prisoner to obtain the statement and file it with his complaint. It provides that "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Nothing in the statute or relevant case law suggests that the prisoner has an indelible right to receive the statement. If Plaintiff requires a loan to pay the costs of producing the statement, and the prison enforces a neutral, reasonable policy that leads to the denial of the loan, there is nothing more for the Court to do. In short, it is Plaintiff's duty to address with prison officials any disagreements he might have about securing a loan to pay for preparing the trust account statements. As a result, his request for an order directing the institution to extend him that loan will be denied.

In each of Plaintiff's three cases, the Clerk of the Court set a 21-day deadline for Plaintiff to file his certified trust account statement. In the most recently filed case, that deadline is December 12, 2016. In light of the obstacles Plaintiff faces in obtaining the statement he needs, the Court will afford him additional time to file the statement. Plaintiff will be granted until

**December 26, 2016** to file the statement in each of these three cases. If he does not, Plaintiff is warned that his case will be dismissed without prejudice for failure to prosecute. But more importantly, **no extensions of this deadline will be granted.**

Accordingly,

**IT IS ORDERED** that Plaintiff's request for an order directing the Wisconsin Secure Program Facility to provide him with his prison trust account statement be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, no later than **December 26, 2016**, Plaintiff shall file a certified copy of his prison trust account statement in each of his three pending cases as required by 28 U.S.C. § 1915(a)(2). If Plaintiff fails to do so, each of the cases will be dismissed without prejudice for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge