# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TREON D. VAUGHN,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>JON LITSCHER, EDWARD WALL, HEISE, CATHY JESS, J. PAQUIN, WARDEN BOUGHTON, WARDEN KEMPER, A. ALT, J. GUNDERSON, S. KOENER, PAIGE O'CONNOR, STEPHANIE PIPIA, J. LINDOW, CAPTAIN T. WIEGAND, K. MARKS, J. ALDANA, KUSTMAN, MORRISON, MINK, and GARDNER,<br><br>　　　　　　　　Defendants. | Case No. 16-CV-1486-JPS |
| TREON D. VAUGHN,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>DEPUTY SHERIFF MCCOY, JON MASON, JAMES FITZGERALD, GEOFFREY DROWSE, MARY K. WAGNER, KENOSHA COUNTY CLERK OF COURT, OFFICE SORENSON, CLERK HANEY, DETECTIVE DEWITT, ROBERT D. ZAPF, DANIEL TUMBASCO, EMILY TERGY, ANDREW BURGOYNE, DAVID BERMAN, CHAD KERKMAN, DAVID BASTIANELLI, and MS. WAGNER'S CLERK,<br><br>　　　　　　　　Defendants. | Case No. 16-CV-1499-JPS |

| TREON D. VAUGHN,                                    |                            |
|                                                     |                            |
| Plaintiff,                                          |                            |
| v.                                                  | Case No. 16-CV-1557-JPS    |
|                                                     |                            |
| WISCONSIN SUPREME COURT,                            |                            |
| WISCONSIN COURT OF APPEALS,                         |                            |
| STUART GRAHAM, DIANE M.                             |                            |
| FREMGEN, and J. DENIS MORAN,                        | **ORDER**                  |
|                                                     |                            |
| Defendants.                                         |                            |

Before the Court are three separate actions filed by the same plaintiff, Treon D. Vaughn, a prisoner at the Kenosha County Jail. In each of his three lawsuits, Plaintiff proceeds *pro se* and has filed a motion for leave to proceed without prepayment of the filing fee. In order to permit the Court to decide his motion, pursuant to the Prison Litigation Reform Act ("PLRA"), Plaintiff was required to provide the Court with a certified copy of his prison trust account statement for the last six months. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff did not file certified copies of his six-month trust account statement in any of his three cases at the time he filed his complaint. As a result, the Clerk of the Court sent him a letter requesting that he file the statement within twenty-one days. He did not do so. Instead, he filed letters in each case complaining that the prison would not issue him certified copies of the statement, and he asked the Court to order prison officials to do so. The Court denied the request on December 5, 2016, observing that Plaintiff's failure to secure his trust account statement appeared to be the result of his own failure to comply with the prison's procedures for obtaining a loan to pay for copying the statement. (Docket #12 at 1–2). Noting that "Section 1915

places the burden on the prisoner to obtain the statement and file it with his complaint," the Court declined to intervene on Plaintiff's behalf. *Id.* at 2. Nevertheless, the Court afforded Plaintiff additional time to try and obtain the copies he needed. The Court ordered that Plaintiff file the statement in each case no later than December 26, 2016. *Id.* at 2–3. The Court warned that failure to comply with the order would result in dismissal of each complaint without prejudice. *Id.*

In the period between the entry of the Court's order and December 26, 2016, Plaintiff made numerous filings regarding his attempts to secure his trust account statement. All of these filings border on unintelligibility, but the Court gathers that Plaintiff initially tried to use his release account funds to pay for copying costs for the trust account statement. Although that was unsuccessful, it appears that on December 9, 2016, the Wisconsin Department of Corrections agreed to provide the copies Plaintiff needed at no cost. However, Plaintiff apparently failed to file the disbursement form required to authorize prison officials to file the trust account statement on his behalf. As a result, the statements have not been filed to date. Plaintiff did file what purports to be an uncertified copy of his trust account statement for the one-month period from November 1 through December 2, 2016.

Despite his apparent efforts to secure his six-month trust account statement, Plaintiff has failed to do so. Moreover, although Plaintiff at times alleged that prison officials denied him access to the statement, it appears

that at every turn it was Plaintiff who was to blame.[1] Plaintiff has, therefore, failed to comply with both the terms of the PLRA and this Court's order of December 5, 2016. Having been given ample opportunity to comply, and having been warned that failure to comply would result in dismissal, the Court would be within its discretion to dismiss these complaints outright. *See* Civ. L. R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *Montana v. Hargett*, 212 F. App'x 770, 773 (10th Cir. 2007) (affirming dismissal of inmate complaint for failure to submit trust account statement despite allegations that prison officials had wrongfully interfered with provision of the statements); *Maisano v. Trans Car Inc.*, 416 F. App'x 605, 605 (9th Cir. 2011) (affirming dismissal for failure to submit trust account statement); *cf. Thomas v. Butts*, 745 F.3d 309, 312–13 (7th Cir. 2014) (observing that dismissal for failure to pay initial partial filing fee would be proper if prisoner was at fault for the nonpayment beyond mere lack of funds); *Blakes v. Foutch*, 600 F. App'x 1004, 1006 (7th Cir. 2015) (same).

However, in the interest of affording Plaintiff one final opportunity to proceed despite these failings, the Court will instead deny his requests for leave to proceed *in forma pauperis*, since his incomplete application leaves the Court unable to determine that he is, in fact, a pauper. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (failure to file complete application for *in forma pauperis* status requires denial of motion to proceed

---

[1] The Court appreciates that Plaintiff is frustrated by what he sees as unfair denial of access to his trust account statement. Yet such a claim is not at issue in any of his present lawsuits. Assuming without deciding that Plaintiff had a viable claim stemming from the denial, the Court cannot transform the pending matters into cases about denial of access to courts.

*in forma pauperis*), *overruled on other grounds*, *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013); *Alexander v. Perrenoud*, No. 03-C-0578-C, 2004 WL 2781220, at *1 (W.D. Wis. Dec. 1, 2004). Plaintiff will be given ten days from the date of this order to pay the full filing fee of $400.00 in each case, and all other applicable fees and costs related to these actions, or they will be dismissed without prejudice. *See* Civ. L. R. 41(c); *Fischer*, 446 F.3d at 665.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for leave to proceed without prepayment of the filing fee in each case be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff must prepay the $400.00 filing fee in each action no later than **January 19, 2017**. The Court cautions Plaintiff that the failure to pay the filing fee or otherwise respond to this Order will result in the dismissal of each action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 5 of 5

Case 2:16-cv-01486-JPS    Filed 01/09/17    Page 5 of 5    Document 24